UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN MICHAEL RATHBUN,<br><br>    Defendant. | No. 20-mj-03061-KAR |

GOVERNMENT'S PRELIMINARY HEARING MEMORANDUM

The United States of America, by and through its counsel, Andrew E. Lelling, United States Attorney for the District of Massachusetts, Steven H. Breslow, Assistant United States Attorney, and Risa Berkower, Trial Attorney, Civil Rights Division, U.S. Department of Justice (the "Government"), respectfully submits the instant memorandum regarding the Preliminary Hearing for the defendant John Michael Rathbun (the "defendant" or "Rathbun").

  1.  Principles of Law

Rule 5.1 of the Federal Rules of Criminal Procedure governs preliminary hearings. In particular, Rule 5.1(e) provides:

> At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence but may not object to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

Fed. Crim. P. 5.1(e).

The probable cause standard is "a practical, nontechnical conception." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). Probable cause is "a fluid concept — turning on the assessment of probabilities in particular factual

contexts — not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

The finding of probable cause may be based upon hearsay evidence in whole or in part. Fed. R. Crim. P. 5.1(e) Advisory Committee's Note to 2002 Amendment; Fed. R. Evid. 1101(d)(3) (providing that the Federal Rules of Evidence "except for those on privilege [] do not apply to . . . a preliminary hearing in a criminal case"). The court must view the evidence in the light most favorable to the prosecution. *Gates*, 462 U.S. at 237 n.10.

"A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." *Barber v. Page*, 390 U.S. 719, 726 (1968). As one court elaborated on the lenient standard applicable to a preliminary hearing:

> In order to establish probable cause for the purposes of Rule 5.1, the government need only present sufficient evidence "to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief in the guilt of the accused." *In re Lam*, 2009 WL 1313242, at *6 (E.D.Cal. May 12, 2009). In making this determination, the court engages in a "totality-of-the-circumstances analysis." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause may be based on a "fair probability" that the defendant committed the offense charged. *Id.* at 238, 103 S.Ct. 2317.

*United States v. Hardy*, 640 F.Supp.2d 75, 77 (D. Me. 2009).

Consistent with its limited purpose, the preliminary hearing should not be a vehicle for pre-trial discovery or cross-examination unrelated to the issue of probable cause. "The preliminary hearing is not a minitrial of the issue of guilt, but is rather an investigation into the reasonableness of the bases for the charge, and examination of witnesses thereat does not enjoy the breadth it commands at trial." *Coleman v. Burnett*, 477 F.2d 1186, 1201 (D.C. Cir. 1973). As the Circuit Court of Appeals for the District of Columbia explained:

2

> The mission of the hearing is an investigation into probable cause for further proceedings against the accused. It does not include discovery for the sake of discovery. To be sure, the evidence the Government offers to establish probable cause is by nature also discovery for the accused. So also is information adduced on cross-examination of Government witnesses on the aspects of direct-examination testimony tending to build up probable cause. In those senses, some discovery becomes a by-product of the process of demonstrating probable cause. But in no sense is discovery a legitimate end unto itself.

*Id.* at 1199-1200. "While some manifestation of the quantum of a prosecutor's evidence is necessary for a qualitative evaluation of probable cause, such discovery remains incidental to the true purpose of the proceeding." *United States v. Coley,* 441 F.2d 1299, 1301 (5th Cir. 1971) (stating "the primary function of a preliminary hearing is not to expedite discovery").

    2.    <u>The Statutes and Elements of the Offenses</u>

The Criminal Complaint alleges that the defendant violated two subsections of 18 U.S.C. § 844: subsections 844(d) and 844(i).

Title 18, United States Code, Section 844(d) provides: "Whoever transports or receives, or attempts to transport or receive, in interstate or foreign commerce any explosive with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property, shall be [punished]." 18 U.S.C. § 844(d).

Title 18, United States Code, Section 844(i) provides: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be [punished]." 18 U.S.C. § 844(i).

Title 18, United States Code, Section 844(j) provides that for the purposes of Sections 844(d)-(i):

> [T]he term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

18 U.S.C. § 844(j).

Title 18, United States Code, Section 232(5) states:

> The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

18 U.S.C. § 232(5).

To establish a violation of 18 U.S.C. § 844(d), the Government must prove "1) transportation or receipt in interstate commerce of 2) any explosive 3) with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property." *United States v. Carlson*, 561 F.2d 105, 108 (1st Cir. 1977) (quotation marks omitted).

To prove a violation of 18 U.S.C. § 844(i), the Government must prove the defendant "(1) maliciously damaged or destroyed, or attempted to damage or destroy, (2) by fire or an explosive, (3) a building or [real or ] personal property used in interstate commerce or in any activity affecting interstate commerce." *United States v. Ruiz*, 105 F.3d 1492, 1499 (1st Cir. 1997); 18 U.S.C. § 844(i). For purposes of the third element, commercial property, including rental property, is

"used" in interstate commerce. *United States v. Guzman*, 603 F.3d 99, 109 (1st Cir. 2010); *United States v. DiSanto*, 86 F.3d 1238, 1248 (1st Cir. 1996) (stating "rental property is *per se* sufficiently connected to interstate commerce to confer federal jurisdiction under Section 844(i).")

        3.        <u>The Government Has Established Probable Cause</u>

The Government has already met the threshold probable cause standard for the charged offenses. The Criminal Complaint establishes that, on the morning of April 2, 2020, local police discovered a homemade incendiary device – consisting of a gasoline can, gasoline, and a paper wick – at the street entrance to Ruth's House, a Jewish eldercare facility in Longmeadow, Massachusetts. Affidavit of Special Agent Ryan Mcgonigle in Support of Criminal Complaint, ¶¶ 18-20. The paper wick, which was made of a crumpled-up religious pamphlet, had been partially burned in an apparent effort to ignite the gasoline inside the can. *Id*. at ¶ 20. The gasoline can was manufactured by Scepter, a company located outside of the state of Massachusetts. *Id*. at ¶ 20 n.2.

The officers who examined the device found what appeared to be bloodstains on the paper wick and the gasoline can. *Id*. at ¶ 20-21. The Massachusetts State Police Crime Lab took samples of the blood, confirmed it was human blood, and obtained a DNA profile from the samples. *Id*. at ¶ 21. These samples were submitted into the FBI's Consolidated DNA Index System. *Id*. at ¶ 22. That database, which is comprised of DNA profiles of individuals who have been previously arrested or convicted of a crime, identified the DNA profile to match the defendant. *Id*. The defendant had been previously arrested for and/or convicted of several Massachusetts state crimes. *Id*. at ¶ 23.

On April 15, 2020, FBI agents executed a search warrant at the defendant's home, where he lived with his parents and daughter. *Id*. at ¶ 24. During the search, agents saw several gasoline cans in plain view around the property and observed fresh cuts on the defendant's hands, including

an open wound on his right thumb. *Id*. at ¶ 25. In a voluntary, *Mirandized* statement to law enforcement officers, the defendant acknowledged that, each morning, he traveled down the street where Ruth's House is located to go to a methadone clinic for treatment, and that his mother was involved in a local church and distributed Christian proselytizing pamphlets. *Id*. When told that his blood was found on an incendiary device placed at Ruth's House, the defendant said he could not explain this fact. *Id*. When further confronted with photographs of the bloodstained religious brochure used as the wick in the device, and the fact that his DNA profile matched the blood found on the wick and the gasoline can, the defendant became visibly upset said he felt like he did not know what he was going to do and that he wanted to cry. *Id*.

Taken together, these facts more than establish "probable cause to believe an offense has been committed and the defendant committed it." *See* Fed. R. Evid. 5.1(e). DNA profile evidence has matched bloodstains found on the homemade incendiary device to the defendant. Agents observed fresh cuts on the defendant's hands, and the defendant admitted to driving past Ruth's House each morning on his way to a methadone clinic. Despite initial denials concerning this offense, the defendant's demeanor changed and he became upset when he was confronted with photographs of the bloodstained paper wick and the DNA evidence linking him to the incendiary device. Basic observation of the device — a container of gasoline with a charred wick in its mouth — establishes that an attempt was made to ignite the gasoline and cause an explosion. The placement of the device near Ruth's House, an eldercare housing facility, establishes that any explosion would have damaged (or attempted to damage) that institution's property. The totality of these facts more than meet the probable cause standard for these offenses.

4. <u>Conclusion</u>

For the preceding reasons, the Government respectfully requests that the Court find

probable cause that the defendant committed the charged offenses.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

*/s/ Risa Berkower*
RISA BERKOWER
(NY4536538)
Trial Attorney, Criminal Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20532
202-305-0150
Risa.berkower@usdoj.gov

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney

Dated: April 28, 2020